## In re Will of Wilda I. Chapman.

**WILLS:  Probate—Effect.**  Whether a husband shall take his rights
under a will or under the statutes is an issue quite foreign to the
probate of the will.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

### JUNE 23, 1922.

CONTEST of the will of Wilda I. Chapman, deceased. Will
admitted to probate, and the contestant, William H. Chapman,
appeals.—*Affirmed.*

*Martin Neilan,* for appellant.

*Robert Hunter,* for appellee.

WEAVER, J.—On October 14, 1921, Wilda I. Chapman, a
resident of Woodbury County, Iowa, died testate. Her will
was duly filed for probate, and is in the following words, omit-
ting only the usual initial statement:

"I direct that my just debts and funeral expenses be first
paid out of my estate. All the rest, residue and remainder of
my estate, real, personal and mixed of which I may die seized
or possessed, or to which I may be entitled, I will, devise and

bequeath as follows:  To my husband W. H. Chapman I will, devise and bequeath the liberty bond and the baby liberty bond, should they exist at the time of my death, and the oak chiffonier and dresser with their contents, and the sectional bookcase.  To my brother, Elmer E. Blood, I will, devise and bequeath an undivided one half of Lot six in Block twenty in Sioux City, Davis Addition to Sioux City, Iowa, and the improvements thereon.  I also will, devise and bequeath to my said brother all money in the bank in my name at the time of my death.  I will, devise and bequeath to my nephew, Monroe Blanchard, an undivided one half of said Lot six in Block twenty in Sioux City, Davis Addition to Sioux City, Iowa, and the improvements thereon.  I also will, devise and bequeath to my said nephew, Monroe Blanchard, my piano and guitar and music cabinet.  In case either Elmer E. Blood or Monroe Blanchard should die before my death, then the bequests herein made to them shall all go to the surviving one of the two.  To my brother A. W. Blanchard, I will, devise and bequeath the bookcase that was my father's with the books, and the bureau that was my grandmother's and the pictures of Napoleon Bonaparte and wife.  I will, devise and bequeath to my nephew, Herbert Blanchard, my mandolin.  To my niece, Mrs. Grace Blood Frederickson, I will, devise and bequeath my opal ring, and to my niece, Helen Blood, my ring with small opals.  I will, devise and bequeath to Edmund Marousek the knives and forks given me by the Second Presbyterian Church of Sioux City, Iowa, and the teaspoons given me by the choir and orchestra and the dessert spoons to match said teaspoons and my garnet ring.  All the rest, residue and remainder of my estate of which I may die seized, I will, devise and bequeath to said Monroe Blanchard. I appoint Elmer E. Blood and A. W. Blanchard executors of this my last will and testament.

"In witness I set my hand January 4, 1918.

"Wilda I. Chapman."

[Two witnesses.]

"CODICIL.

"I, Wilda I. Chapman of Sioux City, Iowa, being of sound and disposing mind do make, publish and declare this to be a

codicil to my last will and testament which will is dated January 4, 1918. As my brother, Elmer E. Blood has died since the making of my said last will, I appoint my brother, A. W. Blanchard and Edmund Marousek executors of my last will.

"Witness my hand this 31st day of March, 1921.

"Wilda I. Chapman."

[Two witnesses.]

The court overruled all the objections and each of them, and admitted the will to probate. The ruling of the trial court was right. The husband's contest is based apparently upon the mistaken notion that the will admitted to probate takes from him something allowed to him by law as a surviving spouse. It takes nothing from him. While a married woman may lawfully make a will disposing of her entire estate, even to the exclusion of her husband, such devises or bequests are by law subject to the right of the survivor to demand and receive, not what the will gives him, but in lieu thereof his statutory share or interest in the estate. In a proceeding to probate the will, the court cannot undertake to hear or adjudicate questions arising upon conflicting claims to the items of the estate property. The sole purpose of the probate is to establish the due execution of the will, and put the estate in due course of settlement. If the husband does not wish to abide by the will, the court is open to him to present his claims and have them passed upon and adjudicated. The judgment appealed from is—*Affirmed*.

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.